IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| CHIEF CARMELA LYNN JACKSON-LEWIS,<br><br>           Plaintiff,<br><br>   vs.<br><br>U.S. DEPARTMENT OF DEFENSE, *et al.*,<br><br>           Defendants. | Case No. 25-cv-00539-DKW-RT<br><br>**ORDER (1) DISMISSING COMPLAINT WITH LEAVE TO AMEND; AND (2) DENYING AS MOOT APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS**[1] |

On December 29, 2025, *pro se* Plaintiff Carmela Lynn Jackson-Lewis filed this action against the United States Department of Defense, a variety of county-level police departments, and several unspecified individuals. Dkt. No. 1. Plaintiff concurrently filed an application to proceed *in forma pauperis* ("IFP Application").[2] Dkt. No. 3.

Plaintiff's Complaint is impossible to understand and is frivolous. As best can be discerned,[3] Plaintiff claims to be "Chief Clean Vagina" of the "Elkhart

---

[1] Pursuant to Local Rule 7.1(c), the Court finds these matters suitable for disposition without a hearing.

[2] The Court subjects each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and can order the dismissal of any claims it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

[3] The Court liberally construes a pro se Complaint. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987). However, the Court cannot act as counsel for a pro se litigant, such as by supplying

Indiana Chapter of the Blackfoot Native American Tribe," and a member of a "secret society" of "Mother Earth's Cleanest Women." Dkt. No. 1 at 8–9. Plaintiff alleges that "terrorist cells of the United States military," the United Nations, and King Charles III of the United Kingdom arranged for the murder of "all members" of this secret society (including Princess Diana) in order to steal "funds" belonging to Plaintiff's great-grandmother and "recycle their body parts." *Id*. at 8.

Plaintiff states that the events giving rise to her Complaint occurred on November 20, 2025 at Fort Lauderdale International Airport, Florida. *Id*. at 10. On that date, Plaintiff alleges the "military used my family members to murder me" to "silence my secrete [sic] society." *Id*. For her relief, Plaintiff requests, with no elaboration, that the Court "stop James Lee Boxely . . . from being the nastiest homosexual, incestuous, drug addicted, child trafficking, byte switching terrorist group."[4] *Id*. at 11 (pdf pagination).[5]

For a variety of reasons, the Complaint must be dismissed. The Complaint's allegations are not merely implausible but nonsensical and unable to survive scrutiny

---

the essential elements of a claim. *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

[4] "James Lee Boxely" is not among the named Defendants, and Plaintiff provides no information as to his identity, save for describing him as "USA Navy" and a "sick African[] [that] has stolen Native American identity to controll [sic] drug trade." Dkt. No. 1 at 11 (pdf pagination).

[5] Plaintiff also filed a series of documents purporting to be exhibits in support of the Complaint. *See* Dkt. Nos. 1-1, 5–10. These documents—a mix of handwritten notes, random websites, and receipts from various businesses—were filed without any explanation as to their relevance, and so fail to cure the deficiencies of the Complaint.

even when read in the most generous possible light. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("Courts of Appeals have recognized § 1915(d)'s term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegations not supported by any facts."); *Patel v. United States*, 2023 WL 9045535, at *3 (D. Haw. Dec. 29, 2023) (dismissing *pro se* complaint as frivolous because allegations of being secretly controlled by "stress technology" were "implausible and fanciful").

Even if Plaintiff's Complaint could be understood, dismissal would still be warranted on other grounds. First, Plaintiff states that her claims arise under 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 3888 (1971). Dkt. No. 1 at 7 (pdf pagination). However, several of the Defendants are federal or state agencies,[6] neither of which may be sued pursuant to either Section 1983 or *Bivens*. *See Jachetta v. United States*, 653 F.3d 898, 908 (9th Cir. 2011) ("[Section] 1983 . . . impose[s] liability upon a "person," and a federal agency is not a "person" within the meaning of [Section 1983]."); *see Johnson v. Dhaliwal*, 2021 WL 8742192, at *3 (C.D. Cal. Oct. 14, 2021) ("*Bivens* claims are available only against individual officers, not departments or other

---

[6]Plaintiff's Complaint lists the "County Sheriff" of various locations as Defendants but does not clarify if she intends to sue the county sheriff's *departments* or the sheriffs themselves as individuals. Dkt. No. 1 at 3–6 (pdf pagination). Plaintiff's claims fail regardless, and so the Court will not guess at her intentions.

entities."). Second, for the individual Defendants, Plaintiff fails to provide any specific allegations as to their personal involvement in any purported violation of rights.[7] *See Barren v. Harrington,* 152 F.3d 1193, 1194 (9th Cir. 1998) ("Liability under [Section] 1983 must be based on the personal involvement of the defendant."); *West v. City of Mesa*, 708 F. App'x 288, 292 (9th Cir. 2017) (concluding that district court properly dismissed *Bivens* claim where plaintiff failed to allege defendants' personal involvement in alleged unconstitutional conduct). Finally, although Plaintiff purports to be a resident of Hawai'i, *see* Dkt. No. 1 at 3 (pdf pagination), all but one of the Defendants is listed as a resident of other states, and the events giving rise to Plaintiff's claims apparently occurred in Florida, *id*. at 3–6, 10. It is therefore unclear what, if any, connection this action has with Hawai'i, or whether this Court serves as an appropriate forum.

Accordingly, the Complaint does not state a claim and must be dismissed. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); Fed.R.Civ.P. 8(a)(1). Typically, "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995); *see also Crowley v. Bannister*, 734 F.3d 967, 977–978 (9th Cir.

---

[7] Plaintiff also fails to specify if the individual Defendants were state or federal government officials.

2013). Although the Court has serious doubts that amendment would cure any of the above defects, it is obliged to DISMISS the Complaint without prejudice and with leave to amend. Plaintiff may have until February 3, 2026 to file an amended complaint consistent with a litigant's ethical obligations under Fed.R.Civ.P. 11(b). The Court cautions Plaintiff that failure to file a timely amended complaint will result in the dismissal of this action without further notice.

The IFP Application, Dkt. No. 3, is DENIED AS MOOT.

IT IS SO ORDERED.

DATED: January 20, 2026 at Honolulu, Hawai'i.



Derrick K. Watson
Chief United States District Judge